HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THAN ORN,

        Plaintiff,

v.

CITY OF TACOMA, et al.,

        Defendants.

CASE NO. C13-5974 RBL

ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on the City of Tacoma's Motion for Reconsideration [Dkt. # 127] of the Court's Order [Dkt. # 124] denying the City's Motion for Summary Judgment [Dkt. # 90] on Plaintiff Orn's negligence claim.

The City argues that the Court committed manifest error for three reasons: (1) under the public duty doctrine the officers owed Orn no duty; (2) Orn's battery claim alleges an intentional, not a negligent, act; and (3) Orn did not establish that the officers' policy violations were the proximate cause of his injuries and damages (instead, it argues, these were caused solely by the intentional act of shooting him, as a matter of law).

The public duty doctrine does *not* hold that an officer owes any given individual "no duty," and none of the cases cited say that it does. This Court articulated its view on this subject

in response to a similar argument in *Escalante v. City of Tacoma*, Cause No. CV14-5774RBL (December 19, 2016):

> The public duty doctrine does not apply to claims of negligence premised on a police officer's alleged *mis*feasance, as opposed to *non*feasance. While the public duty doctrine is properly used to shield police officers for their alleged failure to perform statutory duties—typically, protecting citizens from harm *by third parties*—the doctrine is not properly used to shield officers from their *own* tortious conduct. *See, e.g.*, *Washburn*, 310 P.3d at 1291 ("We have long recognized that where a municipal entity owes a duty to specific individuals, it must not discharge this duty negligently."); *also Coffel v. Clallam County*, 735 P.2d 686, 690 (Wash. App. 1987) ("The [public duty] doctrine provides only that an individual has no cause of action against law enforcement officials for failure to act. Certainly, if the officers do act, they have a duty to act with reasonable care."). *See also Munich v Skagit Emergency Comm. Ctr.* 288 P.3d 328 (2012).
>
> Taken to its logical extreme, the defendants' argument is that officers cannot be negligent, and that one injured by an officer's misfeasance—say, speeding through a busy crosswalk—has no claim as a matter of law, because the duty not to so speed is owed to the public at large. There is no support for that position. The public duty doctrine does not bar [Plaintiff's] negligence claim.

[*See* Dkt. #58 in that case].

The City's Motion for Reconsideration on this basis is DENIED.

The two remaining arguments are related. It is of course true that battery is an intentional tort, and that the intentional act of shooting Orn, by itself, cannot support a negligence claim. But the claim, and the denial of summary judgment, is based on the totality of the circumstances leading up to the shooting—the failures to follow policies and orders. The City's conclusory claim that there is "no evidence" that those failures were one of the proximate causes of Orn's injuries is dubious, at best. A reasonable jury could find otherwise.

//

//

//

1  The Motion for Reconsideration is DENIED.

2  IT IS SO ORDERED.

3  Dated this 27th day of April, 2018.

Ronald B. Leighton
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3