1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THAN ORN, THALISA ORN,
CLARISSE ORN,

                          Plaintiffs,

          v.

CITY OF TACOMA, KRISTOPHER
CLARK,

                          Defendants.

CASE NO. C13-5974 MJP

ORDER ON MOTIONS IN LIMINE

This matter comes before the Court on Plaintiffs' Supplemental Motions in Limine (Dkt. No. 170) and Defendants' Supplemental Motions in Limine (Dkt. No. 172). Having reviewed the respective Oppositions (Dkt. Nos. 179 and 183) and all supporting materials, the Court ORDERS as follows:

### PLAINTIFFS' SUPPLEMENTAL MOTIONS IN LIMINE

1.   Plaintiffs request the Court preclude any argument about the number of police vehicles following Mr. Orn or, as an alternative, to reconsider a prior order excluding any reference to Corey Thomas. The Court DENIES this motion in limine.

2.   Plaintiffs request exclusion of any reference, comment, or argument about Mr. Orn committing any felony crimes for which he was found not guilty. The Court GRANTS this motion in limine pursuant to Rule 403, and the Parties are precluded from making any reference, comment, or argument about Mr. Orn commission of any felony crimes for which he was found not guilty.

3.   Plaintiffs ask the Court to preclude any reference or argument that Mr. Orn apologized to Tacoma Police Department (TPD) officer Gene Miller during an interview on the day after the shooting. The Court DENIES this motion in limine. The Parties may refer to and argue about this purported apology and probe the context of the purported apology.

4.   Plaintiffs ask the Court to preclude any reference or argument about a fingerprint analysis conducted by TPD personnel on Mr. Orn's car. The Court DENIES this motion in limine.

5.   Plaintiffs seek preclusion of any lay witness testimony regarding the risk that Mr. Orn's driving posed to non-TPD personnel on the night of the shooting. Plaintiffs argue that this would be improper speculative lay testimony in violation of Rules 602 and 701. The Court GRANTS this motion in part but will allow lay testimony on this topic to the extent the witness has personal knowledge.

1    6.  Plaintiffs seek to preclude defense counsel from asking any leading questions of

2  law enforcement officers. Defendants do not oppose this request and the Court GRANTS this

3  motion in limine.

4    7.  Plaintiffs seek preclusion of any reference that the reason law enforcement carry

5  lots of weapons is because they are "outgunned" and anything can happen. Defendants do not

6  oppose this request and the Court GRANTS this motion in limine.

7    8.  Plaintiffs request the Court exclude testimony from Defendants' Expert Thomas

8  Wickizer and other expert testimony relying on Mr. Wickizer. Plaintiffs argue that this is

9  necessary to comport with the Court's prior order excluding evidence of collateral source

10  payments. The Court RESERVES RULING on this motion in limine.

11    9.  Plaintiffs ask the Court to preclude Defendants and their experts from referencing

12  statements in Mr. Orn's medical records that Plaintiffs claim are not pertinent to his medical

13  diagnosis and which do not fall within a hearsay exception. The Court GRANTS this motion in

14  part and will exclude and preclude any reference from Defendants or Defendants' experts to the

15  following language from the October 19, 2011 progress notes of Dr. Amanda Steen: "His car

16  nicked a police office [sic] standing outside the car. . . ."

17    10. Plaintiffs seek to preclude any evidence or testimony regarding whether or not

18  Plaintiffs' lawyers were present at any of Mr. Orn's medical appointments. Defendants do not

19  oppose this request and the Court GRANTS this motion in limine.

20    11. Plaintiffs seek to preclude Defendants and their experts from referencing,

21  commenting on, or introducing medical records regarding the date Mr. Orn left the hospital and

22  whether that was before his discharge date. The Court DENIES this motion in limine.

23

24

**DEFENDANTS' MOTIONS IN LIMINE**

1. Defendants ask the Court to preclude Plaintiffs from making any statements or gestures that violate the "Golden Rule" or try to appeal to the passions, emotions, or prejudices of the jury. Plaintiffs agree not to violate the "Golden Rule"—to ask the jury to put itself in the position of a party and decide the case from that party's perspective. The Court GRANTS the motion as this portion of Defendants' motion in limine on which the Parties agree, but DENIES the remainder because it is simply too vague and overbroad to be ruled upon.

2. Defendants seek an order precluding Plaintiffs from presenting, relying upon, or referring to demonstrative exhibits that have not been properly exchanged. The Court GRANTS the motion in limine in part and orders the parties to exchange all demonstratives for opening and each witness prior to their being called.

3. Defendants ask to exclude any "irrelevant opinions" from Plaintiffs' expert D.P. Van Blaricom that were not included in Plaintiffs' expert witness disclosures. The Court RESERVES RULING on this motion in limine.

4. Defendants request the Court exclude any expert opinions that Mr. Orn's past medical bills were reasonable. The Court DENIES this motion in limine.

5. Defendants ask the Court to preclude Plaintiffs from offering any expert opinions that Mr. Orn's past or future medical care are causally related to the shooting. The Court DENIES this motion in limine and will allow such testimony and evidence.

6. Defendants ask the Court to exclude any opinions from Cloie Johnson. The Court DENIES this motion in limine and finds no valid basis to exclude Ms. Johnson's opinions.

7. Defendants further ask the Court to limit Ms. Johnson's testimony. The Court RESERVES RULING on this motion in limine.

8.   Defendants ask that the Court preclude Plaintiffs from offering any expert testimony or opinion that Mr. Orn's drug use was caused or exacerbated by having been shot by Defendant Clark. The Court DENIES this motion in limine.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 13, 2020.

Marsha J. Pechman
United States District Judge