THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THAN ORN, an individual, THALISA ORN, individually, J.O. and C.O., by their Guardian, CLARISE ORN,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TACOMA, a municipal corporation, and: KRISTOPHER CLARK, in his individual capacity,<br><br>Defendants. | NO.  3:13-cv-05974-RBL<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION ON MOTIONS IN LIMINE NOS. TWO AND NINE**<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 30, 2020** |

COME NOW the defendants CITY OF TACOMA and KRISTOPHER CLARK, by and through their attorney of record, Anne Bremner and Karen Cobb, and hereby respectfully move, pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7(h), the Court to reconsider its Order on Motions *in Limine* dated November 13, 2020 as it relates to its ruling on plaintiff's supplemental motion *in limine* nos. two and nine.

Local Court Rule 7(h)(1) states the standard for motions for reconsideration. Although disfavored, motions for reconsideration should be granted to correct manifest errors of law. Local Rules CR 7(h)(1). Further, "a timely filed motion for consideration under a local rule is a motion to amend a judgment under Fed. R. Civ. P. 59(e)." Bestran Corp. v. Eagle Comtronics, Inc., 720 F.2d 1019 (9th Cir. 1983). "There are four grounds upon which a Rule 59(e) motion may be granted, including to correct manifest errors of law. Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

### I. Evidence Of The Events And Identification Of The Crimes Supporting Probable Cause Are Admissible

The jury in this case been instructed to decide this case inconsistently with the Court's order on Plaintiff's Motion *in limine* number two. After the jury in this case was empaneled, the Court instructed, in Instruction No. 20, that:

> [i]n determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:
>
> (1) the *nature of the crime* or other circumstances known to the officer at the time force was applied;
>
> . . .
>
> (8) whether there was probable cause for a reasonable officer to believe that the suspect *had committed a crime* involving the infliction or threatened infliction of serious physical harm;

(emphasis added). "Probable cause" was defined for the jury as "exist[ing] when, under all of the circumstances known to the officer at the time, an objectively reasonable police

DEFENDANTS' MOTION FOR RECONSIDERATION ON
MOTIONS IN LIMINE NOS. TWO AND NINE - 2

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

officer would conclude there is *a fair probability that the plaintiff has committed or was committing a crime.*" Id. (emphasis added).

The court's order on Plaintiff's Motion *in limine* No. 2 deprives the jury of the very evidence necessary for them to assess the excessive force claims in this case. As the instruction specifically states, jurors must know the "nature of the crime" officers believed Mr. Orn may have committed in assessing whether there was probable cause for the force Mr. Orn complains of. See Beier v. City of Lewiston, 354 F.3d 1058, 1064 (9th Cir. 2004) ("To evaluate an excessive force claim, we consider 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.') (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

The arresting charges against the plaintiff are the most appropriate basis for the jury's evaluation of the severity of the crime at issue. See, e.g., Cook v. City of Bella Villa, 582 F.3d 840, 859 (8th Cir.2009) (Shepherd, J., dissenting) (evaluating the severity of the offense by examining the crimes with which the defendant officer charged the plaintiff—resisting arrest and interfering with an officer, which were eventually dismissed—and analyzing whether the plaintiff "meaningfully engaged in th[ese] offense[s]"); Davis v. City of Albia, 434 F.Supp.2d 692, 706 (S.D.Iowa 2006) (finding under Graham that, if the case had gone to trial, the plaintiff's simple misdemeanor charges for interference with official acts and assault of a peace officer might have indicated to the jury that the "severity of the crime" was low, though the court ultimately

DEFENDANTS' MOTION FOR RECONSIDERATION ON
MOTIONS IN LIMINE NOS. TWO AND NINE - 3

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

determined that the claim was barred by qualified immunity). To assess the "severity of the crime at issue", the jury should know all of the facts underlying any crimes that Mr. Orn was suspected of committing as well as the specific names of those crimes. See Shannon v. Koehler, No. C 08-4059-MWB, 2011 WL 10483363, at *11 (N.D. Iowa Sept. 16, 2011) ("These are the crimes for which Koehler arrested Shannon, not charges added after the fact by a prosecutor. All of the charges relate to Shannon's alleged conduct before and during Koehler's use of force. Therefore, they are relevant to determining whether Koehler's use of force was reasonable because they demonstrate the severity of the crime at issue during the arrest. Thus, the names of the charges are admissible."); Humphrey v. Snell, No. 1:13-CV-01029, 2015 WL 11112428, at *1 (W.D. Ark. Feb. 5, 2015) ("Plaintiff alleges that Defendants violated his civil rights when handcuffing him. The charges against Plaintiff, Disorderly Conduct and Interference with a Governmental Operation, relate to Plaintiff's alleged conduct before and during the use of force. Therefore, the charges are relevant to the jury's determination of whether the use of force was reasonable.").

In this case, jurors should be made aware of any crimes Officer Clark reasonably believed Mr. Orn had committed leading up to the alleged use of excessive force. Lemmon v. City of Akron, Ohio, 768 F. App'x 410, 419 (6th Cir. 2019)("Accordingly, it is proper to attribute Sergeant Armstead's knowledge that William was a suspect in an armed robbery, and that he personally witnessed William holding something on his side, to the overall risk of bodily harm that William presented during the standoff with

DEFENDANTS' MOTION FOR RECONSIDERATION ON
MOTIONS IN LIMINE NOS. TWO AND NINE - 4

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

officers."). Whether Mr. Orn was subsequently charged for these crimes by a prosecutor, if the court confirmed probable cause and held that he should stand trial for those crimes, or the outcome of those proceedings, is not relevant in this case which is limited in its inquiry to what Officer Clark reasonably believed, based upon the events leading up to his alleged use of excessive force. Humphrey v. Snell, No. 1:13-CV-01029, 2015 WL 11112428, at *2 (W.D. Ark. Feb. 5, 2015) (finding "that the charges for which Plaintiff was arrested are relevant and admissible for the determination of excessive force" and that evidence of a subsequent acquittal would confuse the issues and is not probative); see also Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 921 (9th Cir. 2001) ("The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.") (quoting Graham, 490 U.S. at 388).

The court should not have precluded Defendants from "any reference, comment, or argument about Mr. Orn committing any felony crimes for which he was found not guilty" and certainly should not extend that ruling to also preclude Defendants from offering evidence of the reasonable beliefs of Officer Clark, or any other officers, such that the jury will be unable to fully assess the severity of the crimes Mr. Orn was suspected of. Any officer involved in this incident should be allowed to testify fully as to their observations during the incident, as well as naming any specific crimes for which Mr. Orn was ever a suspect to support probable cause. The damage to Defendants from the preclusion of this evidence has now been compounded when Mr. Orn's counsel was

DEFENDANTS' MOTION FOR RECONSIDERATION ON
MOTIONS IN LIMINE NOS. TWO AND NINE - 5

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

allowed, in opening statements, to redact portions of the dispatch recording indicating that Mr. Orn's conduct in driving over a curb escalated his previously non-reckless driving to the crime of eluding, despite allowing Mr. Orn's counsel to leave in reference to a previous communication in which K-9 Officer Johnson was specifically inquiring as to whether they had eluding, to which Sgt Morris responded in the negative.[1] Not allowing the jury to hear the second communication can only require them to speculate or, worse, determine that Sgt Morris has never made that determination at all.

## II. Orn's Statement That He "Nicked" A Police Officer Is An Admissible Admission

The court committed an error of law when it found Mr. Orn's statement that he nicked a police officer standing outside his car did not fall within a hearsay exception. Mr. Orn's statement is not hearsay at all, because it is an admission by a party opponent and, as such, does not require a hearsay exception to be admissible. Fed. R. Evid. 801(d)(2)(A) states in pertinent part: "A statement that meets the following conditions is not hearsay: . . . The statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity . . .." Dr. Sheen documented in her progress note that Mr. Orn said he nicked the police officer standing outside of his vehicle; therefore, the statement is an admission by a party-opponent and is admissible.

---

[1] Plaintiff's counsel's decision to introduce facts to this jury, which he previously sought to preclude, while then concealing other aspects relating to the crime of eluding police should open the door for Defendants to introduce this evidence for the jury's consideration. See Jaramillo v. Ford Motor Co., 116 F. App'x 76, 77 (9th Cir. 2004) ("The district court admitted this evidence because the court determined the plaintiffs had opened the door by introducing similar evidence.").

DEFENDANTS' MOTION FOR RECONSIDERATION ON
MOTIONS IN LIMINE NOS. TWO AND NINE - 6

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

In <u>U.S. v. Matlock</u>, 415 US 164, 172 (1974), the Supreme Court questioned why respondent's own out-of-court representations were inadmissible against him and found that respondent's statements would "surmount all objections based on the hearsay rule both at a suppression hearing and at trial." 415 US at 172; <u>see</u> <u>U.S. v. McGee</u>, 189 F.3d 626, 631 (7th Cir. 1999) (holding that an admission by a party opponent is not hearsay and does not need to be inculpatory to be admissible); <u>see</u> also <u>U.S. v. Porter</u>, 544 F.2d 936, 938 (8th Cir. 1976) (finding that defendant's statements to detectives were admissible as admissions by a party opponent under Fed. R. Evid. 801(d)(2)(A)). Further, courts have found that admissions by a party opponent in medical records are not hearsay and admissible. <u>See</u> <u>Ortiz v. City of New York</u>, 15cv2206 (DLC), 2017 WL 5613735 at *11 (S.D.N.Y. Nov. 21, 2017) (finding that defendant's statements made to a nurse and documented in defendant's chart were admissible for the truth of the matter asserted as admissions by a party opponent); <u>Rose v. Franciscan Alliance Inc.</u>, Case No. 1:16-cv-03212-TWP-MJD, 2018 WL 2688239 at *6 (S.D. Ind. June 4, 2018) (holding that Rose's admissions documented in her medical record were not hearsay as a statement by a party opponent).

Mr. Orn's statement was documented in his medical record by Dr. Sheen. Mr. Orn himself stated that he nicked the police officer with his car. This is an admission by Mr. Orn and is being offered by defendants, the opposing party, against Mr. Orn. As an admission by a party-opponent, Mr. Orn's statement that he nicked a police officer standing outside of his car is not hearsay and does not require a hearsay exception to be

DEFENDANTS' MOTION FOR RECONSIDERATION ON
MOTIONS IN LIMINE NOS. TWO AND NINE - 7

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

admissible. To the extent such evidence might be considered more prejudicial than probative, Plaintiff's counsel opened the door to such evidence on Wednesday, November 25, 2020, in his questioning of Dr. Mohit, apparently waiving any such argument as to this or similar evidence.

Where, according to his counsel, Mr. Orn apparently intends to perjure himself if called to the stand by denying any contact at all with Officer Clark, failure to allow contrary testimony on this important issue on an ultimate fact is erroneous and highly prejudicial to Officer Clark. The fact that a statement is "prejudicial" to the party that uttered it does not make unfairly so under ER 403.

Therefore, defendants and their experts should not be precluded from referencing this or any other similar statements in their reports or at trial. Nor should any other witnesses.

DATED this 28th day of November, 2020, at Seattle, Washington.

**FREY BUCK, P.S.**

By: ___/s/ Anne M. Bremner_____
Anne M. Bremner, WSBA #13269
Attorneys for Defendants

By: ___/s/ Karen L. Cobb_____
Karen L. Cobb, WSBA #34598
Attorneys for Defendants

DEFENDANTS' MOTION FOR RECONSIDERATION ON
MOTIONS IN LIMINE NOS. TWO AND NINE - 8

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

**Certificate of Service**

The undersigned certifies under the penalty of perjury according to the laws of the United States and the State of Washington that on this date I caused to be served in the manner noted below this document entitled **DEFENDANTS' MOTION FOR RECONSIDERATION ON MOTIONS IN LIMINE NOS. TWO AND NINE** on the following individuals:

| | |
|---|---|
| Darrell L. Cochran, WSBA No. 22851<br>Thomas B. Veretis, WSBA No. 29805<br>Pfau Cochran Veretis Amala PLLC<br>909 A St., Ste. 700<br>Tacoma, WA 98402<br>T: (253) 777-0799<br>F: (253) 627-0654<br>darrell@pcvalaw.com<br>tom@pcvalaw.com<br><br>*Attorneys for Plaintiffs* | Jean Pollis Homan, WSBA No.27084<br>Tacoma City Attorney's Office<br>747 Market St., Ste. 1120<br>Tacoma, WA 98402-3767<br>T: (253) 591-5885<br>F: (253) 591-5755<br>jhoman@cityoftacoma.org<br><br>*Attorneys for Defendants* |

Loren A. Cochran, WSBA No. 32773
Cochran Douglas, PLLC
4826 Tacoma Mall Blvd., Ste. C
Tacoma, WA 98409
loren@cochrandouglas.com

*Attorneys for Plaintiffs*

Thomas A. Balerud, WSBA No. 19539
The Law Office of Thomas A. Balerud
417 S. G St.
Tacoma, WA 98405
T: (253) 573-1111
F: (253) 573-1115
tbalerud@balerudlaw.com

*Attorneys for Plaintiffs*

[X]     Via CM/ECF system

DATED this 28th day of November, 2020, at Seattle, Washington.

                                                  Karen L. Cobb via ECF
                                                  Karen L. Cobb