1

**THE HONORABLE MARSHA J. PECHMAN**

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

THAN ORN, individually, THALISA ORN, individually, J.O. and C.O., by their Guardian, CLARISSE ORN,

                    Plaintiffs,

vs.

CITY OF TACOMA, a municipal corporation; and KRISTOPHER CLARK, in his individual capacity,

                    Defendants.

CASE NO. 3:13-cv-05974-MJP

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION ON MOTIONS IN LIMINE NOS. TWO AND NINE**

**NOTE ON MOTION CALENDAR: NOVEMBER 30, 2020**

18

19

20

21

22

23

24

25

26

**PFAU COCHRAN VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.     INTRODUCTION AND RELIEF REQUESTED

This lawsuit arises from an incident which occurred almost a decade ago on the night of October 12, 2011, when Tacoma Police Department Officer Kristopher Clark fired approximately eleven bullets at the passenger-side and rear of Plaintiff Than Orn's vehicle, striking his body in multiple locations and leaving him paralyzed, confined to a wheelchair, and suffering from severe and permanent injuries.  In its prior ruling on Plaintiffs' Supplemental Motions *in Limine*,[1] this Court granted Plaintiffs' second and ninth motions *in limine*, ordering that parties be "precluded from making any reference, comment, or argument about Mr. Orn commission of any felony crimes for which he was found not guilty" and further excluding "any reference from Defendants or Defendants' experts to the following language from the October 19, 2011 progress notes of Dr. Amanda Steen: 'His car nicked a police office [sic] standing outside the car.'"[2]

Defendants now seek reconsideration of these rulings.  Defendants fail to cite to any legal authority that warrants revisiting the Court's prior rulings.  Defendants arguments are without merit and reconsideration should be denied.

## II.     EVIDENCE RELIED UPON

This response is based upon the Declaration of Darrell L. Cochran in Support of Plaintiffs' Response to Defendants' Motion for Reconsideration on Motions in Limine Nos. Two and Nine, and the records and papers filed herein.

---

[1] Dkt. 199.

[2] Dkt. 199, at 2-3.

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION ON MOTIONS IN LIMINE
NOS. TWO AND NINE

Page 1 | CASE NO. 3:13-cv-05974-MJP



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1

2

3

### III.   ARGUMENT AND AUTHORITY

**A.   Evidence of the names of the crimes charged against Mr. Orn are not relevant to Plaintiffs' excessive force claim.**

4

5

Defendants first contend that the Court's ruling on Plaintiffs' second supplemental

6

motion *in limine* must be reversed because it deprives jurors of relevant information necessary

7

to determine whether TPD officers used excessive force against Plaintiff Than Orn.  This is so,

8

they assert, because the jury instructions require consideration of the names of any specific

9

crimes which any Tacoma Police Department officers suspected Mr. Orn of having committed.[3]

10

Defendants specifically identify the following two subparts of preliminary instruction

11

No. 20 as requiring the admission of the names of crimes any TPD officer ever suspected Mr.

12

Orn of having committed:

13

14

> In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

15

16

> (1) the nature of the crime or other circumstances known to the officer at the time force was applied;

17

> . . .

18

19

> (8) whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm [. . .]

20

21

Defendants contend that testimony regarding the names of crimes, specifically the crime

22

of eluding,[4] is required evidence to permit the jury to properly consider the nature of the crimes

23

known at the time of the shooting and whether there was probable cause for a reasonable officer

24

25

---

[3] Dkt. 220, at 5.

26

[4] Dkt. 220, at 6.

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION ON MOTIONS IN LIMINE
NOS. TWO AND NINE

Page 2 | CASE NO. 3:13-cv-05974-MJP



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

to believe that the suspect had committed a crime involving serious physical harm.  But this is not so.

As a factual matter, Officer Kristopher Clark has previously conceded that he has no recollection of observing or hearing over the radio that Mr. Orn had committed the crime of eluding at any time on the night he shot at Mr. Orn:

> Q.    From the time you first learned of the call until the time the suspect entered the apartment complex, how long had this failure to yield been going on?
>
> A.    I'd have to look at the CAD call to give you an amount of time.
>
> Q.    Okay. Was there ever a time where it seemed that the person was trying to lose pursuit by speeding?
>
> A.    Again, I was paralleling the pursuit. So I'm not seeing his actions directly.
>
> Q.    Was it ever upgraded, according to what you heard over dispatch, as an attempt to allude? Was the failure to yield ever upgraded to an attempt to allude?
>
> A.    I do not recall specifically if they called out over the radio if it was failing to allude, or attempting to allude. Sorry.[5]

Because Officer Clark did not personally observe any eluding, nor did he recall hearing that other officers believed Mr. Orn had committed the crime of eluding, any references to eluding by him or other officers at trial are irrelevant to the reasonableness of Officer Clark's decision to fire his weapon at Mr. Orn eleven times.[6]

---

[5] Cochran Dec., Ex. 1 (Interview of Officer Kristopher Clark, pg. 20, ll. 24-25, pg. 21, ll. 1-13).

[6] Plaintiffs note that Defendants appear to assert that the Court's ruling improperly precluded "Defendants from offering evidence of the reasonable beliefs of Officer Clark, *or any other officers.*" Dkt. 220, at 5.  As Defendants themselves have repeatedly insisted, the excessive force claim addresses *only* the use of force by Officer Kristopher Clark and therefore the beliefs held by other officers, reasonable or not, are not relevant to the jury's consideration of the excessive force claim.





PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Next, Defendants are simply incorrect that the names of crimes are relevant considerations for determining whether an officer's use of force was reasonable. As the Ninth Circuit stated in its ruling confirming that Officer Clark was not entitled to qualified immunity in this case, it explained that the key question regarding the excessive force claim here is "whether Clark had an objectively reasonable basis for believing that Orn posed a threat of serious physical harm, either to Clark himself or to others." *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020) (citing *Ryburn v. Huff*, 565 U.S. 469, 474, 132 S.Ct. 987, 181 L.Ed.2d 966 (2012) (*per curiam*)). The Court's ruling simply does not bar Defendants from admitting any evidence relevant to this inquiry. Witnesses who observed Mr. Orn's driving and the shooting may, under the Court's ruling, still offer testimony regarding their observations of Mr. Orn's behavior. Witnesses can also testify as to what actions they themselves engaged in and can explain the actions they observed others make. All that has been precluded is naming the felony crimes that TPD officers believed Mr. Orn had committed prior to the shooting.

The preliminary jury instructions in this case also do not support Defendants' contention that the names of felony crimes are relevant evidence. The first subpart of preliminary instruction No. 20 requires the jury to consider the "*nature* of the crime or other circumstances *known to the officer*. It does not require the jury to identify the name of any crimes known to the officer. The eighth subpart of preliminary instruction No. 20 requires the jury to consider "whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime *involving the infliction or threatened infliction of serious physical harm*." This, again, does not require the jury to know the names of any crimes, much less the name of a nonviolent crime that does not involve the infliction of or threaten the infliction of serious



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

physical harm—eluding.  In sum, the jury instruction requires the jury to consider whether there was probable cause to believe that a suspect had committed a crime "involving the infliction or threatened infliction of serious physical harm," not the name of any crime, such as eluding or failing to yield.

Next, Defendants rely on inapposite authority that is nonbinding on this Court to support its motion.  Defendants primarily rely on a *dissent* in *Cook v. City of Bella Villa*, 582 F.3d 840, 859 (8th Cir. 2009), asserting that it stands for the proposition that arresting charges against a suspect are the most appropriate basis for a jury's evaluation of the severity of the crime at issue.[7]  This principle is not supported either by the cited authority or by this jurisdiction.  The procedural posture of the *Cook* case is readily distinguished from the issue presented here, where the *Cook* court considered evidence presented at summary judgment.  Nothing in the dissent or majority opinion comments on the appropriateness of presenting the names of crimes to the jury for their consideration in determining whether the severity of the crime justified a use of deadly force.  Defendants' citation to *Davis v. City of Albia*, 434 F.Supp.2d 692, 706 (S.D. Iowa 2006), is no more persuasive, as the court therein addressed whether an excessive force claim ought to be dismissed on summary judgment and did not discuss whether the names of crimes constitute appropriate evidence for a jury considering the severity of a suspect's conduct.[8]

---

[7] Dkt. 220, at 3.

[8] Unable to find published or binding authority that supports their motion, Defendants resort to reliance on unpublished authority from outside of this Court's jurisdiction, which the court should decline to follow.  Notably, although both cases cited by Defendants permitted the admission of the names of crimes, they also both explained that the purpose of admitting the names of criminal charges brought against a suspect in an excessive force case is to enable the jury to evaluate the severity of the suspect's criminal conduct. *Humphrey v. Snell*, No. 1:13-CV-01029, 2015 WL 11112428, at *1 (W.D. Ark. Feb. 5, 2015) and *Shannon v. Koehler*, No. C 08-4059-MWB, 2011 WL 10483363, at *11 (N.D. Iowa Sept. 16, 2011).  These courts do not explain how jurors, untrained in the

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION ON MOTIONS IN LIMINE
NOS. TWO AND NINE



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

Defendants also fail to consider the unfairly prejudicial effect and the waste of time that would ensue were the court to grant Defendants' request. The use of the names of felony crimes is improper, and poses the substantial risk of unfairly and improperly misleading the jury into believing that Mr. Orn was found by a jury to have engaged in the commission of a felony on the night of the shooting. Indeed, while TPD officers recommended and actively participated in the prosecution of felony charges of assault and attempting to elude police vehicles against Mr. Orn, a jury acquitted him of such charges. Defendants and TPD personnel do not possess the authority to override that determination. Any references to Mr. Orn's behavior on the night of the shooting as constituting the felonies of assault or attempting to elude police vehicles are of, at best, minimal probative value as descriptors of Mr. Orn's behavior.

Indeed, because the jury would need to be instructed on the meaning and definitions of the names of criminal charges, use of these names raises the substantial risk of confusion of the issues and of wasting time. Moreover, to rebut the prejudice that reference to the felony elude would cause, Plaintiffs would need to have the jury understand the criminal trial proceedings which resulted in Mr. Orn's exoneration which also would result in a substantial waste of time and confuse the issues in this case. Plaintiffs' excessive force claim is not about whether other TPD officers had probable cause to believe that Mr. Orn engaged in the commission of felony

---

criminal law, are able to evaluate the severity of criminal conduct when presented with the names of crimes, rather than with evidence of a suspect's conduct.

Clearly, Defendants want to tell the jury that they should consider the fact that Sergeant Morris called out a felony crime over dispatch in considering the reasonableness of Officer Clark's use of excessive force. Again, Sergeant Morris calling out an elude over dispatch is not relevant to whether Officer Clark used excessive force given that eluding is not a crime involving the infliction or threatened infliction of serious physical harm. This Court's order permitting the admission of evidence regarding Mr. Orn's conduct will properly enable the jurors to determine the severity, or, in this case, the lack thereof, of Mr. Orn's alleged criminal conduct.

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION ON MOTIONS IN LIMINE
NOS. TWO AND NINE



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

elude;[9] rather, it is about whether, given Mr. Orn's *conduct*, Officer Clark had an "objectively reasonable basis for believing that Orn posed a threat of serious physical harm, either to Clark himself or to others." *Orn v. City of Tacoma*, 949 F.3d 1167, 1174 (9th Cir. 2020).

**B.     The statement in Dr. Sheen's report that Mr. Orn nicked a police officer with his vehicle is not a statement made for the purpose of medical treatment or diagnosis and is inadmissible hearsay.**

Defendants next contend that the Court must reverse its ruling on Plaintiffs' supplemental motion *in limine* number 9 and permit Defendants to reference and admit the statement in Dr. Sheen's medical record that Mr. Orn nicked a police officer with his vehicle. This is so, Defendants assert, because the statement is not hearsay because it was a statement made by Mr. Orn. Defendants are wrong.

Defendants treat Dr. Sheen's progress note as if it, itself, was Mr. Orn's statement. This is plainly incorrect. Dr. Sheen's progress note was created by Dr. Sheen, not by Mr. Orn. Dr. Sheen's progress note is, therefore, hearsay, as it was not a statement made in court, nor is Dr. Sheen a party in this lawsuit. That the medical record created by Dr. Sheen pertains to Mr. Orn does not transform the medical record from hearsay to non-hearsay.

In support of their novel theory that medical records are not hearsay if they purport to include statements made by a party, Defendants cite to two unpublished and non-binding district court decisions from other jurisdictions: *Ortiz v. City of New York*, Case No. 15-cv-2206, 2017 WL 5613735 at *11 (S.D.N.Y., Nov. 21, 2017), and to *Rose v. Franciscan Alliance Inc.*, Case

---

[9] It is clear from Defendants' proposed jury instructions that they seek to turn this excessive force trial into a trial about whether Mr. Orn committed felony crimes, as they improperly requested that the Court include several criminal statutes as preliminary instructions. Dkt 194. This is exactly the type of confusion of the issues and waste of time that the Court has avoided by excluding the names of such crimes.


PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION ON MOTIONS IN LIMINE
NOS. TWO AND NINE

Page 7 | CASE NO. 3:13-cv-05974-MJP


PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

No. 1:16-cv-032120TWP-MJD, 2018 WL 2688239 at *6 (S.D. Ind., June 4, 2018).  Even if these cases constituted binding authority, which they do not, neither of these cases support Defendants' position.  In *Ortiz*, the court concluded that a party's statements in a medical record were admissible, but only because the party's statements to the nurse were not hearsay *and* the medical record was admissible as a business record setting forth statements made for the purpose of medical diagnosis and/or treatment.  *Ortiz*, at *11.  In *Rose*, the statement sought to be admitted was an instruction from the party to their doctor not to share any information with the party's employer, and thus was not even admitted for a hearsay purpose. *Rose*, at 5.  That sharply contrasts with the Defendants' efforts herein to admit an alleged statement by Mr. Orn to his doctor regarding the events of the shooting, a statement Defendants plainly seek to admit for the purpose of showing that the statement is true.

Reference to this statement should be excluded as hearsay under FRE 802 given that a this statement is not reasonably pertinent to a medical diagnosis to meet the hearsay exception under FRE 803(4).  This progress note does not indicate that the statement is a statement made by Mr. Orn to Dr. Steen.  Defendants have failed to make an offer of proof to establish that this medical record contains a statement from Mr. Orn, as opposed to information provided by TPD Officers to Mr. Orn's medical providers.  For instance, Officer Brent Roberts rode in the ambulance along with Tacoma Fire Department to Tacoma General Hospital and spoke to Tacoma General Staff regarding Mr. Orn.[10]  Defendants fail to establish that the information in the medical record is not information that TPD supplied to Mr. Orn's medical providers,

---

[10] Cochran Dec., Ex. 2 (Tacoma Police Department Supplemental Report, reported by Officer Brent Roberts).

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION ON MOTIONS IN LIMINE
NOS. TWO AND NINE

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

particularly when Mr. Orn was in a life threatening condition and paralyzed when checked into Tacoma General Hospital.[11]  Such information would clearly not be a party-opponent statement.

There is no indication that Dr. Steen is a percipient witness to the incident.  This statement does not fall within any hearsay exception and is simply a back-door attempt to introduce hearsay statements from medical records that relate to liability issues such as whether Mr. Orn's vehicle made contact with a law enforcement officer.  Any reference to hearsay in medical records that fail to qualify for an exception under FRE 803 should remain excluded, particularly given the unfairly prejudicial effect that the introduction of such a statement or reference thereof would have.

## IV.    CONCLUSION

Defendants' Motion for Reconsideration should be denied.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

---

[11] *Id.* ("I was further advised by TG Staff that the subject was in life threatening condition and possibly had a bullet in or near his spine.")

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION ON MOTIONS IN LIMINE
NOS. TWO AND NINE

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

DATED this 29th day of November, 2020.

**PFAU COCHRAN VERTETIS AMALA, PLLC**

By  /s/ Darrell L. Cochran
      Darrell L. Cochran, WSBA No. 22851
      Thomas B. Vertetis, WSBA No. 29805
      Andrew S. Ulmer, WSBA No. 51227
      Alexander G. Dietz, WSBA No. 54842

      *Attorneys for Plaintiffs*

**COCHRAN DOUGLAS, PLLC**

By  /s/ Loren A. Cochran
      Loren A. Cochran, WSBA No. 32773

      *Attorney for Plaintiffs*

**LAW OFFICE OF THOMAS A. BALERUD**

By  /s/ Thomas A. Balerud
      Thomas A. Balerud, WSBA No. 19539

      *Attorney for Plaintiffs*

**PFAU COCHRAN
VERTETIS AMALA**
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## CERTIFICATE OF SERVICE

I, **Andrew S. Ulmer**, hereby declare under penalty of perjury under the laws of the United States of America that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jean P. Homan
Tacoma City Attorney's Office
747 Market Street, Suite 1120
Tacoma, WA 98402
jhoman@ci.tacoma.wa.us

Anne M. Bremner
Karen L. Cobb
Frey Buck, P.S.
1200 Fifth Ave, Suite 1900
Seattle, WA 98101
abremner@freybuck.com
kcobb@freybuck.com

DATED this 29th day of November, 2020.

/s/ Andrew S. Ulmer
Andrew S. Ulmer
Associate Attorney



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW
909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654