THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THAN ORN, an individual, THALISA ORN, individually, J.O. and C.O., by their Guardian, CLARISE ORN<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TACOMA, a municipal corporation, and: KRISTOPHER CLARK, in his individual capacity,<br><br>Defendants. | NO.  3:13-cv-05974-RBL<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION OF OBJECTIONS TO HOLDING TRIAL ENTIRELY VIA ZOOMGOV.COM AND TO ADJOURN THIS TRIAL UNTIL IT CAN BE HELD IN PERSON**<br><br>**NOTE ON MOTION CALENDAR: DECEMBER 3, 2020** |

COME NOW the defendants CITY OF TACOMA and KRISTOPHER CLARK (collectively, the "Defendants"), by and through their attorney of record, Anne Bremner and Karen Cobb, and hereby respectfully move for mistrial and/or reconsideration, pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7(h), of the Court's Order dated November 10, 2020, denying Defendants Motion Objecting to a Remote Jury Trial.

Since this all-remote trial began with jury selection, it was clear that the constitutional protections of the Seventh Amendment, the mandate of Fed. R. Civ. P. 43(a), and the sanctity only an in-person proceeding can maintain, had all been lost. On November 30, 2020, the Court gave our jury a picture into what the courtroom might look

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 1

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

and feel like, explaining the importance of "crossing the bar" and the trust that symbolic act imbues to jurors. But this jury never crossed that bar, and they never will. This is not what our forefathers intended.

As the commentary to Fed. R. Civ. P. 43(a) states: "The importance of presenting live testimony in court cannot be forgotten. *The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.* Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial" (emphasis added).

Since the Court's November 10, 2020, Order declining to postpone the trial of this matter until the earliest date that it could be conducted safely in person, new evidence relevant to the determination of whether this matter should have proceeded with expedience to a trial during the current pandemic as well as contrary court orders concerning the constitutionality of an all-remote proceeding have come to light.

On Wednesday, November 25, 2020, before the start of proceedings for the day, Plaintiffs' counsel, for the first time and in contravention of representations made in the Pre-Trial Order, indicated that they will not be calling Mr. Orn to testify in their case in chief. See PreTrial Order, Doc. No. 200, entered Nov. 18, 2020, at 15 (indicating that Plaintiffs "will call" Mr. Than Orn). Plaintiffs had previously sought, and the Court granted, a priority trial date based largely on Mr. Orn's medical condition. To the extent it was Mr. Orn's alleged medical condition that required a priority trial date which led this case to be placed on the Court's ZoomGov.com trial calendar, that ruling was erroneous. Without Mr. Orn's testimony in his case in chief there is no longer any basis for this case to have received a

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 2

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

priority trial setting such that it had to be conducted via ZoomGov.com instead of preserving Mr. Orn's testimony for a later trial held in-person consistent with the Seventh Amendment and Fed. R. Civ. P. 43(a).

Furthering the clear mandate that trial proceedings happen in-person in court, on November 20, 2020, the Administrative Office of the United States Courts reported on the growing number of courts to recently continue all trials because of the pandemic. See Courts Suspending Jury Trials as COVID-19 Cases Surge, Nov. 20, 2020, available at https://www.uscourts.gov/news/2020/11/20/courts-suspending-jury-trials-covid-19-cases-surge, last visited Nov. 27, 2020 (indicating the continuation of all civil trials in  Alaska; Arizona; Eastern District of Arkansas; Colorado; Northern, Central and Southern Districts of Illinois; Northern and Southern Districts of Indiana; Kansas; Eastern and Western Districts of Kentucky; Maine; Maryland; Minnesota; Western District of Missouri; Nebraska; Nevada; Northern District of New York; Northern District of Oklahoma; Western District of Pennsylvania; Western District of Texas; Utah; Eastern District of Virginia; Eastern District of Washington; and Western District of Wisconsin).

In addition, on November 20, 2020, in an Order from Judge Rodney Gilstrap of the Eastern District of Texas, remote jury trials were definitively considered unconstitutional, citing the many interpersonal failings of remote technologies like ZoomGov.com. See Order, Infernal Tech., LLC v. Sony Interactive Entertainment, LLC, 19-CV-00248, entered Nov. 20, 2020, at 3 ("While some motion practice may be adequately addressed via virtual proceedings, the Court believes that the fair adjudication of the rights of the parties, as envisioned by the Framers and embodied in the Sixth and Seventh Amendments, requires jury trials to be conducted in-person.") While Defendants recognize that Judge Gilstrap's

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 3

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1    Order does not constitute a change in controlling law because it hails from a sister court,

2    under the circumstances of a once-in-a-century pandemic and in the interests of meeting the

3    most basic challenge of our judicial system to ensure just and fair trials, it should nevertheless

4    be considered to avoid further unnecessary expense of the parties in their participation of this

5    case. See Fed. R. Civ. P. 1; see also Report of the Advisory Committee on Rules for Civil

6    Procedure,          April          1937,          available          at

7    https://www.uscourts.gov/sites/default/files/fr_import/CV04-1937.pdf, last visited Nov. 29,

8    2020, at III (indicating the purpose of the Federal Rules of Civil Procedure to create a

9    "unified system of general rules for cases in equity and actions at law . . . .").

10        Holding a trial through ZoomGov.com prevents jurors from meaningfully

11   discharging one of the most important duties they are called upon to decide – the credibility

12   of witnesses such that they can correctly determine the factual questions in any case. In just

13   the few days this case has been in trial, the parties have seen several instances effecting

14   jurors' ability to weigh the evidence in this case including technical issues such as audio and

15   video lags, connection issues, one juror leaving the remote proceedings to pick up her

16   daughter, and at least two jurors gazing at an off-camera secondary screen for extended

17   periods of time. Taken together these instances are emblematic of the incurable problem with

18   conducting a trial of this magnitude through ZoomGov.com – *jurors are simply less engaged*

19   *through this medium which deprives Defendants of the full and fair opportunity to present*

20   *their case as litigants have enjoyed elsewhere in our nation for over 200 years.*

21        For all of these reasons and consistent with the further development of these

22   important issues below, Defendants hereby ask this Court to adjourn the trial of this matter

23

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 4

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

until it can be completed in person as intended by the Seventh Amendment and Fed. R. Civ.
P. 43(a).

## I. ZoomGov.com, While Potentially Effective for Pre-Trial Proceedings and Court Administration, Cannot Replicate the Forum Necessary for Jurors to Fully Evaluate the Evidence

Judge Gilstrap's recent Order, set against the backdrop of the many District Courts around the country continuing all trials and declining to date to proceed with remote jury trials, is the only authority Defendants are aware of, persuasive as it may be, outlining why a remote jury trial cannot meet the requirements of the Seventh Amendment. Although not stated explicitly in the Seventh Amendment itself, the requirement that jury trials be conducted in-person and in open court has been expressed throughout the history of our nation.[1] The fact is, "[t]here is no pandemic exception in the Constitution . . . ." Federal Judges Reinventing the Jury Trial During Pandemic, Aug. 27, 2020, available at https://www.uscourts.gov/news/2020/08/27/federal-judges-reinventing-jury-trial-during-pandemic, last visited Nov. 27, 2020 (discussing the steps taken by many courts to continue holding in-person jury trials and noting the absence of any difficulty convening juries that were fair cross sections of the community).

As the Handbook For Trial Jurors Serving In The United States District Courts states: "The words of Supreme Court Justice Oliver Wendell Holmes from over a century ago apply with equal force to jurors serving in this advanced technological age: 'The theory of our

---

[1] With the successful clinical trials of several COVID-19 vaccines the trial of this matter could conceivably continue in-person in just a few months. There is no disclosed expert opinion indicating that Mr. Orn will not survive until the Spring 2021 and given the recent revelation that Mr. Orn will not be attending trial or testifying in support of either his or his children's claims, there is no longer any basis for this case to proceed with expedience and in contravention to the Seventh Amendment and the Federal Rules of Civil Procedure.

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 5

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1    system is that the conclusions to be reached in a case will be induced only by evidence and

2    argument *in open court*, and not by any outside influence, whether of private talk or public

3    print.'" https://www.uscourts.gov/sites/default/files/trial-handbook.pdf, last visited Nov. 27,

4    2020 (emphasis added).

5          While some have postulated that "in open court" means only that judicial proceedings

6    need to be accessible by the public, those interpretations read out entirely the word "in". As

7    the Commentary to Fed. R. Civ. P. 43(a) makes clear, the phrase "in open court" plainly

8    means in the physical courthouse. See Fed. R. Civ. P. 43(a) (stating that an alternative to in-

9    court testimony is "contemporaneous transmission of testimony *from a different location*"

10    when certain conditions are met). The "contemporaneous transmission of testimony" cannot

11    be from a "different location" if all of the participants to the proceeding are already in

12    different locations. The contemporaneous transmission of testimony from a different location

13    therefore necessarily means that everyone else is already in the same location (in court).

14          Consistent with the Seventh Amendment and the instructions to jurors outlined in

15    Judge Holmes' sentiments, the commentary to Fed. R. Civ. P. 43(a) states: "The importance

16    of presenting live testimony in court cannot be forgotten. *The very ceremony of trial and the*

17    *presence of the factfinder may exert a powerful force for truthtelling. The opportunity to*

18    *judge the demeanor of a witness face-to-face is accorded great value in our tradition.*

19    Transmission cannot be justified merely by showing that it is inconvenient for the witness to

20    attend the trial" (emphasis added)

21          Here the only witness who has ever been represented to be unable to attend an in-

22    person trial for any reason other than mere inconvenience is Mr. Orn. But now, according to

23    his attorneys, he never planned to attend or to present testimony on his own behalf at all. As

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1    the commentary makes clear, any inconvenience on all of the other witnesses in wearing

2    masks, maintaining social distance (which should not be difficult in a large Federal

3    courthouse as compared with State courts), or in subjecting themselves to temperature or

4    other tests, is no basis to ignore all of the Seventh Amendment and Fed. R. Civ. P. 43.

5        The importance of limiting instances in which contemporaneous testimony is

6    transmitted to an on-going in-court trial cannot be understated. The commentary cautions

7    that "[c]ontemporaneous transmission may be better than an attempt to reschedule the trial,

8    particularly if there is a risk that other--and perhaps more important--witnesses might not be

9    available at a later time." No showing has been made that witnesses may not be available at

10   a later time and because Mr. Orn never planned to attend or testify in his own case, his alleged

11   medical condition and expert opinion concerning his limited life expectancy (which likely

12   exceed when this case could occur in person in Spring 2021), set against years of stipulated

13   trial adjournments, are no basis for good cause here because Mr. Orn would never testify in

14   this case regardless of when it took place.

15       In fact, the remote testimony of witnesses is so disfavored that, according to the

16   commentary, good cause may only exist where the need for a remote witnesses' testimony

17   is identified while a trial is on-going, not before. See Fed. R. Civ. P. 43(a) ("Other possible

18   justifications for remote transmission must be approached cautiously. Ordinarily depositions,

19   including video depositions, provide a superior means of securing the testimony of a witness

20   who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial

21   that can be attended by all witnesses. Deposition procedures ensure the opportunity of all

22   parties to be represented while the witness is testifying. An unforeseen need for the testimony

23   of a remote witness that arises during trial, however, may establish good cause and

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

compelling circumstances. Justification is particularly likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness.").

Rather than conducting an entire trial remotely, those witnesses who a party knows in advance are unable to attend an in-person trial should have their testimony recorded in advance. That was not done here because Mr. Orn, the only witness unable to attend trial in-person, never planned to attend at all.

The commentary to Fed. R. Civ. P. 43(a) goes on to place the responsibility for ensuring witnesses testify in-person on the court, allowing the court to disagree even with the parties' stipulation to have certain witnesses testify from another location. See id. ("The court is not bound by a stipulation, however, and can insist on live testimony. Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial.").

Thus, Fed. R. Civ. P 43(a) only contemplates limited occasions for remote testimony *where a witness is unavailable*.  It does not contemplate or authorize having every witness appear remotely. It does not contemplate or authorize the parties appearing remotely.  Indeed, the provision does not relate to parties. It does not contemplate or authorize the attorneys to appear remotely. And it certainly does not contemplate the jury appearing remotely. As the commentary to Fed. R. Civ. P 43(a) recognizes the very ceremony of trial, presence of the factfinder, and ability to judge face-to-face are critical aspects to the proper functioning of the judicial system. Those sentiments are echoed in Judge Gilstrap's order.

"While some motion practice may be adequately addressed via virtual proceedings, the Court believes that the fair adjudication of the rights of the parties, as envisioned by the

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 8

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

Framers and embodied in the Sixth and Seventh Amendments, requires jury trials to be conducted in-person." See Order, Infernal Tech., LLC v. Sony Interactive Entertainment, LLC, 19-CV-00248, entered Nov. 20, 2020, at 3. Testimony of witnesses transmitted contemporaneously from another location is disfavored because "[j]ury trials are innately human experiences. More is often communicated in a courtroom non-verbally than verbally. Such a human experience must allow for the look and feel of direct human interaction. Such factors as cadence, tone, inflection, delivery, and facial expression are as vital to due process as is the applicable statute or case law." Id. at 3 n.4. Thus, at least according to Judge Gilstrap, "the remote, sterile, and disjointed reality of virtual proceedings cannot at present *replicate the totality of human experience* embodied in and required by our Sixth and Seventh Amendments." Id. (emphasis added).   The ceremony of the courtroom, presence of the parties, and social interaction among the jurors creates the civic engagement necessary to provide a meaningful right to a fair trial by jury.

Importantly, it is also that very "human experience" that we ask jurors to call on to decide the facts and weigh credibility in any case. Indeed, this is precisely how the Court has instructed this jury. This is also why there has been no official pronouncement that remote jury trials are constitutional. Instead, the weight of authority suggests that they are not. The guidance has instead been towards a return to in-person proceedings. See Report of the Jury Subgroup: Conducting Jury Trials and Convening Grand Juries During the Pandemic, June 4, 2020, available at https://www.uscourts.gov/sites/default/files/combined_jury_trial_post_covid_doc_6.10.20. pdf, last visited Nov. 27, 2020 (discussing the steps courts should take to allow them to re-open to conduct in-person proceedings).

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 9

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

When studied, the effect of lost interpersonal interaction that is only possible in person in the courtroom is clear. See Promise and Peril as Courts Go Virtual Amid Covid-19, May 29, 2020, available at https://www.brennancenter.org/our-work/analysis-opinion/promise-and-peril-courts-go-virtual-amid-covid-19, last visited Nov. 29, 2020 (discussing the shortcomings of remote proceedings and noting several studies finding that: (1) immigration cases resulted in higher incidence of deportation; (2) bails were set at higher amounts; and (3) jurors found witnesses to be less credible). The many studies to evaluate differences in how witnesses are evaluated and the impact it has on jurors, set against the Seventh Amendment and Fed. R. Civ. P. 43(a), means jury trials should not happen through platforms like ZoomGov.com. See Rapheal v. Mukasey, 533 F.3d 521, 532–34 (7th Cir. 2008) (finding that the statutory right to a fair hearing is violated if remote testimony has "the potential for affecting the [judge's] view of [the respondent's] credibility and in turn the outcome of [the] case").

Indeed, this loss of engagement and emotional attachment has been evident in all aspects of life during the pandemic. A virtual hug from a parent is no substitute for an actual one. Studies show that students have reported being less engaged in remote learning. And in virtual environments there is an increased risk of distractions and outside influences– a child or dependent needing help, a pet barking, a ring at the door, and family members in the same room. For example, during jury selection, one juror mentioned that her husband was listening in on the voir dire.[2] And while the demands of justice do require trials to proceed at some

---

[2] This latter issue is especially problematic with preserving the secrecy and integrity of the jury deliberation process. This is vital to the fairness of judicial proceedings and cannot be guaranteed in the way it is during an in person jury deliberation.

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 10

1    point, the demands of justice also require that constitutional, due process, and fairness

2    safeguards remain intact. At this point, the judiciary should look to everyday common

3    experience and these many studies with caution and provide for remote trials only upon

4    consent of the parties. <u>See</u> Criminal Justice And Videoconferencing Technology: The

5    Remote Defendant, 78 Tul. L. Rev. 1089, 1106 – 1111 (March 2004) (outlining the many

6    studies finding negative effects on juror perception and ability to evaluate witnesses based

7    upon differences in camera angles and absence of eye contact and other nonverbal cues).

8    Proceeding in such a manner will protect the constitutional rights of all parties and enable

9    courts to remove some of the backlog through consented to virtual trials.

10        Since the start of this pioneering all-remote trial, Defendants have observed several

11   irregularities that would not be expected in-person. <u>See</u> Declaration of Anne M. Bremner in

12   Support of Defendants' Motion Objecting to a Virtual Jury Trial. While these errors may be

13   curable in the sense that jurors can be admonished, can promise to devote their attention, and

14   can have the record read back or the witnesses testimony replayed, these occurrences are

15   emblematic of a deeper problem – the same problem noted in the studies discussed above –

16   that jurors simply cannot discharge their obligations in the same way in a remote

17   environment.

18        There is an indescribable feeling of majesty that humbles jurors when they enter a

19   courtroom. It invites truthfulness and attention to the gravity of the situation which leads to

20   juror engagement that is not possible over ZoomGov.com. An interview of a Representative

21   of the National Association of Immigration Judges aptly explained:

22            If you come into the courtroom and you see it's a courtroom
              and you see the judge at a big desk wearing a black robe, then
23            you realize it's a court. If you take that same person and you

DEFENDANTS' MOTION FOR RECONSIDERATION
TO HOLDNG TRIAL ENTIRELY VIA
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL
IT CAN BE HELD IN PERSON - 11

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

> put him in the video room . . . they see me basically as a big, disembodied head on the television. How is that any different than watching People's Court or Judge Judy or something like that? They don't really, really get it sometimes. We get it because we do it all the time—that's our job. But I'm not sure with the particular respondents whether they realize sometimes what goes on.

J. Eagly, Remote Adjudication In Immigration, available at https://scholarlycommons.law.northwestern.edu/cgi/viewcontent.cgi?referer=&httpsredir=1&article=1217&context=nulr, last visited Nov. 29, 2020, at 934 (2015).

The first four days of this trial have shown that many of the recognized drawbacks of an all-remote trial are real. The impact of these issues should be presumed, not deemed merely speculative, and cannot be cured by simply playing back the videotape. An in-person trial guarantees litigants the protections of the Seventh Amendment and the just and fair trial enjoyed by litigants for over 200 years. Under the circumstances of this case, there is no basis to deviate from these longstanding principles.

For all of these reasons, Defendants ask that the Court reconsider its denial of its objection to this all-remote trial and adjourn this trial until such time as it can be conducted in-person consistent with the Seventh Amendment and the Federal Rules of Civil Procedure.

If the Court is inclined to proceed through ZoomGov.com, Defendants believe that in order to approach the protections afforded by an in-person trial, but without waiving their objection to any trial held through ZoomGov.com, even with the below measures in place, and additionally to preserve the record in this case, the Court should:

1.    Poll jurors to learn what devices they are using to access ZoomGov.com and for any jurors using multiple monitors, the Court should learn which monitor they will be using to view trial so that their attention can be assured;

DEFENDANTS' MOTION FOR RECONSIDERATION TO HOLDNG TRIAL ENTIRELY VIA ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL IT CAN BE HELD IN PERSON - 12

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

2.      Remind jurors that they should access ZoomGov.com from a quiet room free from distractions;

3.      That they should not be using a device that does not allow them to view, at a minimum, the questioning attorney, exhibits, and witness at the same time with sufficient proximity so that they can weigh witness credibility (see facial expressions, etc…);

4.      That if they are using a device that receives notifications of any kind that those notifications are all turned off during trial; and

5.      To continue to remind jurors that their undivided attention is critical to successfully concluding their jury service.

DATED this 2nd day of December, 2020.

**FREY BUCK, P.S.**


By:   ___/s/ Anne M. Bremner_____
         Anne M. Bremner, WSBA #13269
         Attorneys for Defendants


By:   ___/s/ Karen L. Cobb_____
         Karen L. Cobb, WSBA #34598
         Attorneys for Defendants

FREY BUCK P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

1

## Certificate of Service

2

     The undersigned certifies under the penalty of perjury according to the laws of the United
3  States and the State of Washington that on this date I caused to be served in the manner noted
below this document entitled **DEFENDANTS' MOTION FOR RECONSIDERATION OF**
4  **OBJECTIONS TO HOLDING TRIAL ENTIRELY VIA ZOOMGOV.COM AND TO**
**ADJOURN THIS TRIAL UNTIL IT CAN BE HELD IN PERSON**  on the following
5  individuals:

6          Darrell L. Cochran, WSBA No.        Jean Pollis Homan, WSBA No.27084
          22851                              Tacoma City Attorney's Office
7          Thomas B. Vertetis, WSBA No.       747 Market St., Ste. 1120
          29805                              Tacoma, WA 98402-3767
8          Pfau Cochran Vertetis Amala PLLC    T: (253) 591-5885
          909 A St., Ste. 700                F: (253) 591-5755
9          Tacoma, WA 98402             jhoman@cityoftacoma.org
          T: (253) 777-0799
10         F: (253) 627-0654             *Attorneys for Defendants*
          darrell@pcvalaw.com
          tom@pcvalaw.com
11

          *Attorneys for Plaintiffs*
12

          Loren A. Cochran, WSBA No. 32773
          Cochran Douglas, PLLC
13         4826 Tacoma Mall Blvd., Ste. C
          Tacoma, WA 98409
14         loren@cochrandouglas.com

15         *Attorneys for Plaintiffs*

16         Thomas A. Balerud, WSBA No.
          19539
          The Law Office of Thomas A.
17         Balerud
          417 S. G St.
          Tacoma, WA 98405
18         T: (253) 573-1111
          F: (253) 573-1115
19         tbalerud@balerudlaw.com

20         *Attorneys for Plaintiffs*

21         [X]     Via CM/ECF system

22         DATED this 2nd day of December, 2020, at Seattle, Washington.

23                                        Karen L. Cobb via ECF
                                        Karen L. Cobb

DEFENDANTS' MOTION FOR RECONSIDERATION        FREY BUCK P.S.
TO HOLDNG TRIAL ENTIRELY VIA                1200 FIFTH AVENUE, SUITE 1900
ZOOMGOV.COM AND TO ADJOURN TRIAL UNTIL       SEATTLE, WA 98101
IT CAN BE HELD IN PERSON - 14           P: (206) 486-8000 F: (206) 902-9660